## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| POWELL FAMILY MINERAL LLC, on behalf of itself and a class of similarly situated persons, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SLAWSON EXPLORATION COMPANY, INC., )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.     Plaintiff,  Powell Family Mineral LLC ("Plaintiff"), on behalf of itself and the Class defined below, for its class action complaint against Defendant Slawson Exploration Company, Inc. ("Defendant" or "Slawson"), alleges:

## CLASS DEFINITION

2.     Plaintiff, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), brings this action on behalf of itself and a Class of similarly situated persons defined as:

All persons to whom Defendant paid royalties on oil produced from North Dakota wells since March 1, 2011, pursuant to leases which require oil royalty to be paid "free of cost."

The Class excludes: (a) agencies, departments or instrumentalities of the United States of America, including, but not limited to, the U.S. Department of the Interior (The United States, Indian Tribes, and Indian allottees); (b) Defendant (including subsidiaries and sister companies) and  their respective employees, officers, and directors; (c) all well operators registered in the State of North Dakota; (d) the claims of royalty to the extent covered by arbitration clauses or prior settlement agreements, if any; and (e) the claims of royalty only to the extent receiving royalty payments for wells operated by Defendant but marketed by others.

1

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiff has brought this case as a class action; (b) the Class proposed by Plaintiff exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy for the claims of the proposed Class members against Defendant exceeds the sum of $5,000,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over the Defendant because a substantial portion of the acts and conduct of the Defendant giving rise to the claims asserted in this class action occurred in the State of North Dakota and the oil production at issue has been produced by the Defendant in the State of North Dakota.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant transacts business within this District and a substantial part of the Defendant's conduct giving rise to the claims alleged in this class action occurred in this District.

**PARTIES**

6.     Plaintiff Powell Family Mineral LLC is a North Dakota Limited Liability Company whose post office and street addresses are P. O. Box 557, 14543 22nd Street NW, Alexander, ND 58831.  Plaintiff is a successor in interest to a McKenzie County, North Dakota Oil and Gas Lease, dated December 17, 2009 between Dennis Powell as lessor and Slawson Exploration Company, Inc. as lessee, and the Lease entitles Plaintiff to the payment of royalty on oil produced under the Lease "free of cost".

7.     Defendant Slawson Exploration Company, Inc. is a corporation organized under the laws of the State of Kansas, and its principal place of business is located at 727 N. Waco

2

Avenue, Suite 400, Wichita, KS 67203-3900. Slawson has a North Dakota registered agent, Corporation Service Company, that can be served at 1709 N. 19th Street, Suite 3, Bismarck, North Dakota 58501-2121.

## FACTUAL ALLEGATIONS

8.      On December 17, 2009, Dennis Powell, as lessor, entered into an oil and gas lease with Slawson Exploration Company, Inc., as lessee, pertaining to leased premises located in McKenzie County, North Dakota ("the Lease"). A copy of the December 17, 2009 Lease is attached as Exhibit 1. Plaintiff is the successor in interest to the lessor's interests under the Lease. See Exhibit 2. Defendant remains the lessee under the Lease. There is not a pipeline on the property that is the subject of the Lease.

9.      The Lease has an oil royalty provision, under which the Defendant is obligated as follows:

> To deliver to the credit of lessor, **free of cost**, in the pipeline to which Lessee may connect wells on said land three-sixteenth (3/16) of all oil produced and saved from the leased premises. (emphasis added)

10.      At various times since they acquired their lessee's interest under the Lease, Defendant, has produced and sold oil from wells subject to the Lease and has paid royalties to Plaintiff or its predecessors on such oil.

11.      At various times since they acquired the lessee's interest in the Lease, Defendant in its calculation and payment of royalties to Plaintiff on oil sales, subject to the Plaintiff's Lease, has improperly deducted from the sale price of the oil various costs such as gathering or moving the oil, preparing the oil and other costs that violate the express directive that the royalty be paid "free of cost".[1]

---

[1] Plaintiff does not contest the deduction of state taxes imposed by the state legislature.

12.     Defendant's deduction of the above referenced costs in their calculation and payment of royalties paid to Plaintiff (and Class Members) on oil sales is not permitted under the oil royalty provisions which require the oil royalty to be paid "free of cost", and Defendant has materially breached its contractual obligations to Plaintiff (and the Class) under the above referenced Lease and legally common Class leases by taking such deductions in its calculations and payment of royalties to Plaintiff (and the Class).

13.     Plaintiff (and the Class) has sustained substantial damages as a result of Defendant's breaches of its contractual obligations to Plaintiff (and the Class) under the Lease and Class leases at issue.

14.     In addition to the Plaintiff, there are numerous members of the proposed Class who have had the contractual right to be paid oil royalties under "free of cost" leases which are common or legally the same as Plaintiff's Lease.

15.     Defendant in its calculation and payment of royalties on oil sales to the members of the proposed Class, have engaged in a common method of royalty accounting which it utilizes to pay royalties to the Plaintiff, in that the Defendant has deducted from the sales price of the oil various costs not allowed under the "free of cost" Leases held by Plaintiff and the Class.

16.     Defendant, in deducting the above-referenced costs in its calculation of royalties paid to the Class members on oil sales, have materially breached its contractual obligations to the Class members under the leases described in the Class definition.

17.     As a direct result of Defendant's breach of its contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

18.     The proposed Class is so numerous that joinder of all Class members is impracticable. On information and belief, there are more than a thousand members of the proposed Class who live throughout the State of North Dakota, and in other states as well. Joinder of all Class members would be either highly impracticable or impossible.

19.     Defendant has within its possession or control records which identify all persons to whom they are legally responsible to have paid royalties on oil produced from Class wells during the Class Period.

20.     There are questions of law and fact which are common to the claims of Plaintiff and the Class, including, but not limited to:

a.      Whether Defendant deducted unloading costs, gathering costs, preparation costs, or other costs from the sales price of the oil in its calculation of royalties paid to the Plaintiff and the Class;

b.      Whether Defendant's deduction of costs in its calculation of royalties paid to the Class members was in breach of its obligations to the Plaintiff and the Class under the "free of cost" Class Leases; and,

c.      Whether the Plaintiff and the Class are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiff and the Class.

21.     Plaintiff's claims are typical of the claims of the other members of the Class because Defendant paid royalties to Plaintiff and the Class using a common method and because Plaintiff and the Class make the same legal claims asserted herein.

22.     Plaintiff will fairly and adequately assert and protect the interests of the Class. Plaintiff's interests are in accordance with, and not antagonistic to, those of the other members of the Class.

23.     Plaintiff is represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation who will vigorously pursue the rights and remedies for the Class.

24.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class members as the elements of the breach of contract claim will be predominantly, if not exclusively, proven by common, generalized evidence, and not by individualized evidence from each Class member.

25.     Class action treatment is superior to other available methods for fairly and efficiently adjudicating this controversy. Class action treatment will allow a large number of similarly situated Class members to prosecute their common "free of cost" breach of contract claims in a single forum, simultaneously, efficiently, and without duplication of time, expense, and effort by witnesses, the courts, and/or Defendant. Likewise, class action treatment will avoid the possibility of inconsistent and/or varying results in this matter arising out of the same facts. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action and no superior alternative forum exists for the fair and efficient adjudication of the claims of all Class members.

26.     Class action treatment in this matter is further superior to any alternative means of adjudicating the claims of all members of the Class. Indeed, given the small amounts at stake for individual Class members, while significant in the aggregate, such claims would never be brought because Class members would not be able to retain competent legal counsel to pursue claims individually.  In the absence of a class action in this matter, Defendant will likely retain the benefit of their wrongdoing.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

27.     The allegations contained in Paragraphs 1 through 26, of this class action complaint, inclusive, are restated and incorporated by reference herein.

28.     The Lease agreement set out above creates a binding contract between Plaintiff and Defendant as do the leases of the Class.

29.     Defendant has breached its obligations to Plaintiff and the Class members under the "free of cost" leases, in the manner described above.

30.     Plaintiff and the Class members have sustained substantial damages as a direct result of Defendant's breach of its royalty payment obligations to the Plaintiff and the Class members under the "free of cost" leases. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been injured and damaged in an amount to be determined according to proof.

31.     The Plaintiff and Class are entitled to recover prejudgment interest on all amounts due and owing to them by the Defendant.

## PRAYER FOR RELIEF

32.     WHEREFORE, Plaintiff prays for the following relief:

33.     An Order that the claims asserted by Plaintiff on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that Plaintiff be appointed as the Class Representative for the certified Class, and that Plaintiff's attorneys be appointed as Class Counsel for the certified Class;

34.     A judgment in favor of Plaintiff and the Class on their claim for Defendant's breach of the leases, for the full amount of royalty underpayments, plus applicable prejudgment and post judgment interest;

35.     An award of court costs; and

36.     For such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

37.     Plaintiff requests a jury trial on all matters so triable.

Dated: March 3, 2021          Respectfully submitted,

SHARP LAW, LLP

By: */s/ Rex A. Sharp*
Rex A. Sharp  (#P02399)
5301 West 75th Street
Prairie Village, KS 66208
Telephone: (913) 563-6250
Email: rsharp@midwest-law.com

Isaac L. Diel  (#P02408)
Gregory M. Bentz  (#P02410)
Chuck Schimmel  (#P02409)
SHARP LAW, LLP
Financial Plaza
6900 College Blvd, Suite 285
Overland Park, KS  66210
Telephone: (913) 661-9931
Email: idiel@midwest-law.com
        gbentz@midwest-law.com
        cschimmel@midwest-law.com

Mike Montgomery (ND# 05089)
MONTGOMERY & PENDER, P.C.
5630 34th Avenue S, Suite 120
P.O. Box 9199
Fargo, ND 58104
Telephone: (701) 281-8001
Fax: (701) 281-8007
Email: mike@mplawnd.com

**ATTORNEYS  FOR  PLAINTIFFS  AND  THE
PROPOSED CLASS**